IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

REGENCY SAVINGS BANK, F.S.B.,

   Plaintiff,

     v.

PACIFIC INSURANCE COMPANY, LTD, et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:06-CV-0097-TWT

ORDER

This is a suit against an insurance company for breach of contract and other state law claims. It is before the Court on the Plaintiff's Motion to Remand [Doc. 5]. For the reasons set forth below, the Plaintiff's Motion is DENIED.

I. BACKGROUND

The Plaintiff, Regency Bank, F.S.B., now known as Park National Bank, is a national banking organization with its principal office in Illinois. Its business includes, among other things, originating, purchasing, and servicing mortgage loans. On February 18, 2003, the Plaintiff acquired Southern Pacific Bank's rights, title and interest in a mortgage loan that was originally issued to Princewill Properties, Inc.

("Princewill").[1] Specifically, the Plaintiff obtained Southern Pacific Bank's rights, title and interest in a Note, Guaranty, and Security Agreement (collectively "the Security Agreement") executed by Southern Pacific Bank and Princewill for an apartment complex at 2275 Brooks Avenue, NW and 1090 Hollywood Road, NW in Atlanta, Georgia ("the Property").

Princewill had several obligations under the terms of the Security Agreement. First, it was obligated to maintain property insurance for the Property. Princewill was further required to comply with all conditions precedent to insurance coverage and was prohibited from allowing any conditions to exist on the Property that would invalidate coverage. On or about January 27, 2003, Princewill purchased an insurance policy from Defendant Pacific Insurance Co., Ltd. ("Pacific"), which provided property damage coverage to the Property. Then, in February, 2004, fires occurred at the Property, resulting in damage to at least two of its buildings.

Following Princewill's subsequent default on its mortgage loan, the Plaintiff filed a multi-count complaint ("First Action") against Princewill in the Superior Court of Fulton County on May 4, 2005. The First Action alleged that Princewill breached

---

[1] In October 2003, Princewill conveyed all of its interest in this property to Doorval, LLC, by limited warranty deed. Doorval, LLC, then conveyed all of its interest to "Princemill" Properties by quitclaim deed on or about January 23, 2004. For the purposes of this motion, however, only Princewill is relevant.

the Security Agreement by failing to make loan, tax, insurance, interest, and late charge payments. (Def.'s Resp. to Mot. to Rem., Ex. 5, at 10-12.) The Plaintiff also claimed that Princewill's transfer of the Property constituted a "wrap-around mortgage scheme" whereby Princewill continued to make payments even though it no longer retained ownership or possession of the Property. (Id., Ex. 5, at 15.) The complaint further alleged, in Count V, that Princewill violated the Security Agreement by failing both to provide evidence that insurance was maintained on the Property and to pursue the insurance proceeds following the fire loss. When Princewill did not answer this complaint, the Plaintiff filed a Motion for Entry of Default Judgment. (Id., Ex. 7.) However, on December 14, 2005, less than two weeks before the Superior Court of Fulton County issued an Order of Judgment by Default against Princewill, the Plaintiff voluntarily dismissed Count V from the complaint. (Def.'s Resp. to Pl.'s Mot. to Rem., Ex. 9.)

On December 15, 2005, the next day, the Plaintiff filed this lawsuit in the State Court of Fulton County alleging three claims against Defendant Pacific: (1) breach of insurance contract; (2) bad faith; and (3) attorney's fees and costs. The Plaintiff also included a breach of contract claim against Princewill for violation of the Security Agreement. On January 13, 2006, Defendant Pacific removed the case to this Court. The Plaintiff now moves to remand.

## II. DISCUSSION

The Plaintiff claims that because Defendant Princewill, a citizen of Georgia, is a proper defendant in this lawsuit, the case cannot be removed. See 28 U.S.C. § 1441(b). In the Eleventh Circuit, removal statutes are to be interpreted narrowly, with any doubts construed against removal. See Williams v. AFC Enter., Inc., 389 F.3d 1185, 1189 (11th Cir. 2004); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). Moreover, the removing party bears the burden of demonstrating federal jurisdiction. Friedman v. New York Life Ins. Co., 410 F.3d 1350, 1353 (11th Cir. 2005); Pacheco de Perez v. AT & T Co., 139 F.3d 1368, 1373 (11th Cir. 1998).

Defendant Pacific contends, however, that Princewill has been fraudulently joined in order to keep this action in state court. "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). A defendant can prove fraudulent joinder by demonstrating that one of the following situations exists: (1) "there is no possibility the plaintiff can establish a cause of action against the resident (non-diverse) defendant"; (2) the plaintiff's pleading of jurisdictional facts involves outright fraud; or (3) a diverse defendant has been joined with a nondiverse defendant "as to whom there is no joint, several or alternative

liability and...the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." Id.

Here, the Defendant alleges that the Plaintiff's claim has no possibility of succeeding because it is barred by the doctrine of res judicata. This doctrine, codified in O.C.G.A. § 9-12-40, provides that:

> [A] judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law <u>might have been put in issue</u> in the cause wherein the judgment was rendered until the judgment is reversed or set aside.

Id. (emphasis added). A plaintiff is thus prohibited "from splitting up claims arising from the same transaction and prosecuting them piecemeal or presenting only a portion of the grounds on which relief is sought and leaving the rest for a second suit if the first fails." Flagg Energy Dev. Corp. v. General Motors Corp., 235 Ga. App. 540, 542 (1998).

For a judgment in one action to bar a subsequent action, "the two actions must share certain characteristics. First, the parties to the two actions must be identical and, second, the subject matter of the actions must also be identical." Id. (quoting Lawson v. Watkins, 261 Ga. 147, 148 (1991)).[2] Here, both of these requirements are clearly

---

[2] The Court notes that the default judgment entered against Princewill is a final judgment for res judicata purposes. See Fierer v. Ashe, 147 Ga. App. 446, 448 (1978).

met. The parties, Regency and Princewill, are the same, and the subject matter, Princewill's breach of the Security Agreement, is also identical. That the Plaintiff voluntarily dismissed Count V of the First Action and filed this lawsuit before the Georgia state court issued its default judgment does not relieve the Plaintiff from application of this doctrine. See id. (concluding that, as soon as the judgment in the first action is final, the subsequent action is barred even if already filed).

In determining whether res judicata bars the Plaintiff's claim, the Georgia Court of Appeals' case of Lay Bros., Inc. v. Tahamtan, 236 Ga. App. 435 (1999), proves illustrative. There, a store owner, Lay Brothers, sought a declaratory judgment as to the terms of its lease with a landowner. Following a trial in which a judgment was entered in favor of Lay Brothers, the landowner and a new joint owner brought a new action against Lay Brothers for trespassing and for failing to pay property taxes on the leased lot. In reversing judgment for the landowners, the Georgia Court of Appeals explicitly stated, "[b]ecause res judicata applies, the issue is whether it operates so as to bar litigating terms of the lease not set forth in the first judgment. The answer is yes." Id. at 437; see also Flagg Energy Dev. Corp., 235 Ga. App. at 542-543 ("[P]laintiffs seek to do exactly what res judicata prohibits--they seek to split a cause of action arising under the same contract.").

Here, as in <u>Lay Bros., Inc.</u>, the Plaintiff chose not to litigate all of its claims involving the Security Agreement in the First Action even though the terms of the agreement were clearly at issue in that lawsuit. The Plaintiff contends that dropping from its complaint the breach of contract claim for failure to maintain insurance was done for "tactical reasons...so that the entire dispute relating to whether and to what extent Regency can recover for the Fire Loss would be resolved by the same court, before the same judge, and the jury." (Pl.'s Reply to Def.'s Resp. to Pl.'s Mot. to Rem., at 8.) A plaintiff does not have the authority, however, to hold hostage a defendant and the court system by breaking up one legitimate dispute into a series of discrete actions. See <u>Lay Bros., Inc.</u>, 236 Ga. App. at 437 ("The constitutional mandate for the 'speedy, efficient, and inexpensive resolution of disputes and prosecutions' is not served by serial, piecemeal lawsuits. Plaintiff must be alert to the scope of disagreement between the parties and present the entire matter at one time."); <u>see also</u> <u>Smith v. AirTouch Cellular of Ga., Inc.</u>, 244 Ga. App. 71, 74 (2000) ("[I]t is only where the merits were not *and* could not have been determined under a proper presentation and management of the case that res judicata is not a viable defense."). The Plaintiff's breach of contract claim against Princewill for failure to maintain insurance on the Property could have been brought in the First Action. Indeed, given that a default judgment was about to be granted in that action, it appears that the only

reason the Plaintiff dropped its claim and included it in the present lawsuit was to thwart removal. Because fraudulent joinder such as this is prohibited, the Plaintiff's motion to remand cannot be granted.

### III. CONCLUSION

For the reasons set forth above, the Plaintiff's Motion to Remand [Doc. 5] is DENIED. The Plaintiff's request to dismiss the case without prejudice so that it can re-file in state court and add as Defendants other Georgia residents is GRANTED. This action is DISMISSED without prejudice.

SO ORDERED, this 13 day of June, 2006.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge